Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone:  (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff SRINIVASAN RAMANUJAM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRINIVASAN RAMANUJAM, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation;  and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING AND THE CONSUMER CREDIT REPORTING AGENCIES ACT** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p.  Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

2. The plaintiff, SRINIVASAN RAMANUJAM (hereinafter collectively "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California, county of Santa Cruz.

COMPLAINT

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "EXERIAN") is an Ohio corporation, and a consumer credit reporting agency.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

5. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

### III. FACTUAL ALLEGATIONS.

6. In or around June 2, 2016, Plaintiff send a letter to EXPERIAN a four-page letter, including various attachments, disputing three negative items on his EXPERIAN credit file relating to the companies Chase, Citi, and Resident Credit Solutions ("RCS").

7. Or around June 14, 2016, EXPERIAN responded to Plaintiff's letter, stating, in pertinent part, "We have previously processed this dispute and the credit grantor has verified its accuracy."

8. EXPERIAN's June 14, 2016, response continued, "If you have additional relevant information . . . that was not presented when you previously disputed the information, you may mail it to us and we will reinvestigate the disputed information."

COMPLAINT

9. In fact, the "previous[]" dispute EXPERIAN referred to was a letter from Plaintiff dated in or around August, 2010, which disputed only the Citi account – not the Chase or RCS accounts – and which included none of the attachments included in the June, 2016, dispute, and not all of the information set forth in the June 2016 letter.

10. In response, Plaintiff sent a further letter dated on or around August 5, 2016, pointing out that EXPERIAN had apparently overlooked the facts that the June 2016 dispute letter addressed two accounts which were not addressed in Plaintiff's dispute, yet EXPERIAN seemed to use that one point of overlap as a basis for not reinvestigating any of the disputes, and that new information was in fact provided with the June 2016 letter – including various attachments – which were not included with the prior dispute from approximately six years earlier.  Moreover, Plaintiff added that a settlement agreement between himself and Citi mandated removal of the derogatory information.

11. Plaintiff's August 5, 2016 letter included, for EXPERIAN's ease of reference, a complete copy of the June 2, 2016 letter, and all of the attachments to it.

12. Plaintiff mailed – and EXPERIAN received – the August 5, 2016, letter.

13. EXPERIAN did not reply to the August 5, 2016 letter at all.

14. As a result of the Defendants' conduct, as alleged above, Plaintiff has suffered damages including the following, among other things:

a) Decreased credit ratings and creditworthiness;

b) Actual monetary damages relating to closed credit lines and/or reduced credit limits, and missed credit opportunities;

c) Out of pocket losses incurred as a result of Plaintiff's inability to use his credit where it was needed, as well as out of pocket expenses incurred in dealing with his emotional distress;

d) Mental and emotional distress, including but not limited to anxiety, stress, sleeplessness, nightmares, agitation, depression, and hopelessness; and

COMPLAINT

e) Emotional and mental distress not just triggered by the false and misleading negative credit reporting, but also stemming from his futile efforts to correct his unfairly and inaccurately blemished credit.

### FIRST CLAIM FOR RELIEF

(For Violations of the Fair Credit Reporting Act Against EXPERIAN and DOES 5 through 10, Inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Throughout the course of its actions, as alleged above, EXPERIAN violated applicable provisions of the FCRA in the following ways, among others:

a) By willfully and/or negligently failing, in the preparation of consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b) By willfully and/or negligently furnishing to Plaintiff's potential creditors information about the Plaintiff which EXPERIAN knew, or reasonably should have known, was incomplete and/or inaccurate;

c) By willfully and/or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation or reinvestigation;

d) By willfully and/or negligently failing to conduct an adequate investigation or reinvestigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to EXPERIAN;

e) By willfully and/or negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and

f) By willfully and/or negligently failing to adopt and follow proper procedures and apparatuses, which would promptly and accurately delete or correct

COMPLAINT

any incorrect, incomplete, or inaccurate credit reporting.

17. Despite its obligations under the Fair Credit Reporting Act, including 15 U.S.C. §§1681e(b), 1681i, to promptly reinvestigate disputed negative credit information, and to promptly delete such information when the reinvestigation establishes that it should be removed, EXPERIAN wilfully and/or negatively continued to report the derogatory information, and continued to publish the information – even after being ordered by a Superior Court Judge to delete the information – until Plaintiff filed this lawsuit.

18. As a proximate result of the actions of the defendants, and each of them, Plaintiff has been damaged in an amount subject to proof at the time of trial. Plaintiff's damages include noneconomic damages, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety.   Plaintiff is therefore entitled to actual damages, damage to credit reputation and creditworthiness, pain and suffering, statutory penalties, punitive damages, costs, and attorney's fees.

## SDECOND CAUSE OF ACTION

(For Violations of the Consumer Credit Reporting Agencies Act Against EXPERIAN and DOES 5 through 10, Inclusive)

19. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 18 above.

20. EXPERIAN violated the Consumer Credit Reporting Agencies Act ("CCRAA")  – in particular, Civil Code section 1785.14(b), which requires following reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit file; 1785.16, which requires adopting and following reasonable procedures for ensuring proper reinvestigations, accuracy, and deletion/correction of inaccurate information in Plaintiff's credit file; and

COMPLAINT

1875.16(d), failing to provide notice of the results of reinvestigations.

21. All of the Defendants knew or should have known based upon Plaintiff's disputes and/or the information and/or documents provided to them by the reporting agencies – and by their own investigation – that the negative information they were furnishing about Plaintiff was incomplete and/or inaccurate.

22. Plaintiff properly disputed – and requested reinvestigation of – the alleged debt by written communication with major consumer reporting agencies – including Experian.

23.  Defendants, and each of them, failed to conduct a proper investigation of Plaintiff's dispute, and failed to review all of the information provided to them both by Plaintiff and by the credit reporting agencies.

24. Despite knowing – or having reasonable cause to know – that it had not previously investigated the disputed accounts, or – in relation to Citi – that it had not reviewed additional documents and/or information – EXPERIAN failed to conduct a meaningful, reasonable investigation.

25. Plaintiff has suffered actual damages as a direct result of the Defendants' misconduct, including – but not limited to – being denied credit solely because of Defendants' erroneous information, and mental distress including anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety.

26. Under Civil Code section 1783.31, the Defendants are liable to Plaintiff for attorney's fees, costs, punitive damages, and actual damages.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the defendants as follows:

1. Punitive and/or exemplary damages, both under common law and 15 U.S.C. section 1681n(a);

2. Actual damages under 15 U.S.C. §1681o;

COMPLAINT

3. Costs and attorney's fees, under 15 U.S.C. §1681o;

4. For actual damages, punitive damages, attorney's fees and costs pursuant to Civil Code section 1785.31.

5. Statutory damages, actual damages, costs and attorney's fees, pursuant to Civil Code section 1788.30; and

6. General damages, with prejudgment interest as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff SRINIVASAN RAMANUJAM requests a trial by jury.

DATED: December 5, 2016                     Respectfully submitted,

By:      /S/ Aidan W. Butler
         Aidan W. Butler
         Attorney for Plaintiff
         SRINIVASAN RAMANUJAM